UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JEREMY FUENTES,

      Petitioner,

v.                                Case No.  5:15cv217/LC/CJK

JULIE L. JONES,

      Respondent.
_____/

## REPORT AND RECOMMENDATION

Before the court is an amended petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (doc. 4). Respondent filed an answer (doc. 25), submitting relevant portions of the state court record (docs. 25-28). Petitioner replied (doc. 32). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration of all issues raised by petitioner, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts. The undersigned further concludes that the pleadings and attachments before the court

show that petitioner is not entitled to habeas relief, and that the amended petition should be denied.

## BACKGROUND AND PROCEDURAL HISTORY

On May 19, 2011, petitioner was convicted upon jury verdict of accessory after the fact to second degree murder, and burglary of a dwelling in Bay County Circuit Court Case No. 10-CF-1569. (Ex. B, pp. 197-203). Petitioner was sentenced to concurrent terms of 30 years in prison on each count as a habitual felony offender. (*Id.*). Petitioner's sentence for the burglary included a 15-year mandatory minimum as a prison releasee reoffender. (*Id.*). The Florida First District Court of Appeal (First DCA) affirmed the judgment on July 5, 2012, per curiam and without a written opinion. *Fuentes v. State*, 99 So. 3d 947 (Fla. 1st DCA 2012) (Table) (copy at Ex. M).[1]

On July 11, 2013, petitioner filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, in which he raised one issue: that he was denied due process of law when, during jury deliberations, the jury foreperson was allowed to leave the deliberation room (escorted by a bailiff) and retrieve her purse.

---

[1] Appellate counsel filed an *Anders* brief asserting that no good faith argument could be made that reversible error occurred in the trial court. (Ex. K). Petitioner was given the opportunity to file a *pro se* brief, but did not do so. (Ex. L).

(Ex. O, pp. 23-28).  By order rendered August 28, 2013, the state circuit court denied the motion on procedural grounds.  (Ex. O, pp. 30-33).  Petitioner did not appeal from that order.  (Doc. 1, p. 4, Question 11.(E); *see also* Ex. O).

On October 8, 2013, petitioner filed with the First DCA a petition for writ of habeas corpus alleging ineffective assistance of appellate counsel for having failed to raise on direct appeal the issue of the juror being allowed to leave the deliberation room.  (Ex. P).  On November 6, 2013, the First DCA denied relief as follows:  "The petition alleging ineffective assistance of appellate counsel is denied on the merits." *Fuentes v. State*, 124 So. 3d 1045 (Fla. 1st DCA 2013) (copy at Ex. Q).

On November 20, 2013, petitioner filed a second Rule 3.850 motion raising five grounds of ineffective assistance of trial counsel:  (1)  trial counsel was ineffective for failing to object that the judge, prosecutor and bailiff spoke to the jury while it was deliberating; (2) trial counsel was ineffective for failing to object when the jury foreperson was allowed to retrieve her purse during deliberations; (3) trial counsel was ineffective for failing to move to have juror Joan M. Fletcher removed after she was found with a newspaper in her possession; (4) trial counsel was ineffective for failing to move to suppress the statement petitioner gave to Sheriff McKeithen on the proposed grounds that McKeithen gave false promises and "used

trickery" during the interrogation; and (5) trial counsel was ineffective for failing to question Chad Gibson, the junkyard operator, about a statement, later recanted, that he had been coerced into making statements. (Ex. O, pp. 1-19). By order rendered January 14, 2014, the state circuit court dismissed the motion on procedural grounds. (Ex. O, pp. 21-33). The First DCA affirmed, per curiam and without a written opinion. *Fuentes v. State*, 136 So. 3d 1217 (Fla. 1st DCA 2014) (Table) (copy at Ex. S). The mandate issued May 13, 2014. (Ex. T).

On January 23, 2014, petitioner filed a *pro se* petition for writ of habeas corpus in the Bay County Circuit Court alleging a manifest injustice because the verdict improperly numbered the charges as counts 1 and 2 whereas in the amended information those charges were delineated as counts 2 and 3. (Ex. W, pp. 456-59). On January 31, 2014, the circuit court denied the petition, finding that the scrivener's error did not amount to a manifest injustice. (Ex. U, p. 542-43). The First DCA affirmed, per curiam and without a written opinion. *Fuentes v. State*, 158 So. 3d 566 (Fla. 1st DCA 2015) (Table) (copy at Ex. Y). The mandate issued March 10, 2015. (Ex. Z).

On March 2, 2015, petitioner filed a *pro se* motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a), asserting that he should not have

been adjudged a habitual felony offender because the predicate offenses were not sequential. (Ex. AA, pp. 35-40). The state circuit court denied the motion. (Ex. AA, pp. 41-42). The First DCA affirmed, per curiam and without a written opinion. *Fuentes v. State*, 171 So. 3d 704 (Fla. 1st DCA 2015) (Table) (copy at Ex. DD). The mandate issued August 17, 2015. (Ex. EE).

Petitioner filed his original federal habeas petition on August 20, 2015 (doc. 1), which he later amended (doc. 4). The amended petition raises five grounds for relief – the claim raised in petitioner's first Rule 3.850 motion, and four of the claims raised in his second Rule 3.850 motion. (Doc. 1, p. 6-17). Respondent asserts that petitioner is not entitled to relief because all of his claims are procedurally defaulted and, even if reviewed *de novo*, without merit. (Doc. 25, pp. 9-16).

## EXHAUSTION AND PROCEDURAL DEFAULT

Before bringing a § 2254 habeas action in federal court, a petitioner must exhaust all available state court remedies for challenging his conviction, 28 U.S.C. § 2254(b)(1), thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (*quoting Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)). The petitioner

"must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). A claim that was not presented to the state court and can no longer be litigated under state procedural rules is considered procedurally defaulted, *i.e.,* procedurally barred from federal review. *See Boerckel*, 526 U.S. at 839-40, 848; *Hittson v. GDCP Warden*, 759 F.3d 1210, 1260 n.56 (11th Cir. 2014) ("Where a return to state court would be futile – because the petitioner's claims would clearly be barred by state procedural rules – a federal court can 'forego the needless judicial ping-pong' and treat unexhausted claims as procedurally defaulted." (*quoting Snowden v. Singletary*, 135 F.3d 732, 736 (11th Cir. 1998))); *Chambers v. Thompson*, 150 F.3d 1324, 1326-27 (11th Cir. 1998) (holding that federal habeas courts should enforce applicable state procedural bars even as to claims that were never presented to the state courts).

A claim is also considered procedurally defaulted if it was presented to the state court but rejected on the independent and adequate state ground of procedural bar or default. *See Maples v. Thomas*, 565 U.S. 266, 280, 132 S. Ct. 912, 181 L. Ed. 2d 807 (2012) ("As a rule, a state prisoner's habeas claims may not be entertained by a federal court when (1) a state court [has] declined to address [those] claims

because the prisoner had failed to meet a state procedural requirement, and (2) the state judgment rests on independent and adequate state procedural grounds." (alterations in original) (internal quotation marks and citations omitted)); *Caniff v. Moore*, 269 F.3d 1245, 1247 (11th Cir. 2001) ("[C]laims that have been held to be procedurally defaulted under state law cannot be addressed by federal courts.").

The adequacy of a state procedural bar to the assertion of a federal question is itself a federal question. *See Lee v. Kemna*, 534 U.S. 362, 122 S. Ct. 877, 151 L. Ed. 2d 820 (2002). The adequacy requirement has been interpreted to mean that the state rule must be "firmly established and regularly followed," *Siebert v. Allen*, 455 F.3d 1269, 1271 (11th Cir. 2006), that is, not applied in an "arbitrary or unprecedented fashion," *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001), or in a manifestly unfair manner. *Ford v. Georgia*, 498 U.S. 411, 424-25, 111 S. Ct. 850, 112 L. Ed. 2d 935 (1991).

A petitioner seeking to overcome a procedural default must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S. Ct. 2546, 115 L.Ed.2d 640 (1991). "For cause to exist, an external impediment, whether it be

governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." *McCleskey v. Zant*, 499 U.S. 467, 497, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (*citing Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986)). The miscarriage of justice exception requires the petitioner to show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 85, 130 L. Ed. 2d 808 (1995). This standard is very difficult to meet:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.

513 U.S. at 327. "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him." *Id.*

DISCUSSION

Ground One

Petitioner first claims that the trial judge violated his due process right to an impartial jury by allowing the jury foreperson to leave the jury room during

deliberations.  (Doc. 1, p. 6).  The parties agree that petitioner presented this claim

to the state circuit court in his first Rule 3.850 motion.  (Doc. 1, p. 6; Doc. 25, pp.

12-13).  The state circuit court denied relief as follows:

> In the instant Motion, the Defendant argues that the Court and the State violated his right to due process by allowing a juror to leave the jury room during deliberations without a compelling reason.  He attaches to his Motion an excerpt of the jury trial transcript, which reflects that during deliberations a juror indicated that she "really" needed an item from her purse.  (T 573)  The Court allowed her to retrieve the purse, on the conditions that she be escorted by a bailiff and that she retrieve her purse "without the cell phone."  (T 573-574).
>
> The Court concludes that the Defendant is not entitled to relief on his claim, as it involves alleged trial court error and as such is not cognizable in a Rule 3.850 motion.  *See Swanson v. State*, 984 So. 2d 629, 629 (Fla. 1st DCA 2008) (claim of alleged trial court error not cognizable in Rule 3.850 motion; trial court's denial of relief on that claim affirmed by appellate court).  In passing, the Court would further note that even if the Defendant's claim were cognizable in a Rule 3.850 motion, he would still not be entitled to relief as the main case he relies [on] in his accompanying memorandum, *Taylor v. State*, 794 So. 2d 943 (Fla. 1986) is no longer good law as the Florida Supreme Court receded from it in *Amendment to Rules of Criminal Procedure – Rule 3.370(b)*, 596 So. 2d 1036, 1037 (Fla. 1992).

(Ex. O, p. 30).  The circuit court notified petitioner that he had thirty days from the

date of the order to appeal the decision.  (Ex. O, p. 31).  Petitioner did not appeal.

(Doc. 1, p. 4, Question 11.(E); *see also* Ex. O).

Respondent asserts that petitioner's claim is procedurally defaulted in two respects. First, the only state court to which petitioner presented his claim rejected it on the independent and adequate state procedural ground that it was not cognizable in a Rule 3.850 motion because it should have been raised on direct appeal. Respondent's second theory of procedural default is that petitioner never appealed the state circuit court's denial of the claim; thus, petitioner did not properly exhaust the claim, and any further attempt to do so would be futile. (Doc. 25, pp. 12-13).

Respondent is correct on both points. In Florida, a motion for postconviction relief cannot be "based on grounds that could have or should have been raised at trial and, if properly preserved, on direct appeal of the judgment and sentence." Fla. R. Crim. P. 3.850(c). The *Swanson* decision, cited by the state circuit court, reaffirmed this principle:

> Appellant's claim of trial court error is not cognizable in a motion for postconviction relief. *See Hodges v. State*, 885 So.2d 338, 366 (Fla. 2004) (holding that claims of trial court error should be raised on direct appeal, not in a rule 3.850 motion); *Gorham v. State*, 521 So.2d 1067, 1070 (Fla. 1988) (holding that any claim of error regarding jury instructions given by the court should have been raised on direct appeal, and was not cognizable in rule 3.850 motion).

*Swanson*, 984 So. 2d at 629. Florida's rule is a well-established and regularly followed state procedural bar. *See LeCroy v. Sec'y, Fla. Dep't of Corr.*, 421 F.3d

1237, 1260 (11th Cir. 2005) (holding that because the Florida prisoner did not raise his claim on direct appeal in the state court, "the State 3.850 Court's refusal to consider" the petitioner's claim "as procedurally barred rested on an independent and adequate state ground that precludes federal habeas consideration of this issue."). Although the circuit court alternatively addressed the merits of petitioner's claim, that does not nullify the procedural default. Where the state court rests its denial of a claim on state procedural grounds but in the alternative reviews the claim on the merits, federal courts on habeas review should apply the state procedural bar and decline to reach the merits of the claim. *See Marek v. Singletary*, 62 F.3d 1295, 1302 (11th Cir. 1995); *see also Harris v. Reed*, 489 U.S. 255, 264 n.10, 109 S. Ct. 1038, 103 L. Ed. 2d 308 (1989) ("A state court need not fear reaching the merits of a federal claim in an alternative holding. By its very definition, the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law." (citation omitted)).

Petitioner's claim is also procedurally defaulted for the reason that he failed to "invok[e] one complete round of the State's established appellate review process", *Boerckel*, 526 U.S. at 845, by not appealing the circuit court's August 28, 2013,

order to the First DCA.  Florida's established appellate review process includes an appeal from a final order disposing of a Rule 3.850 postconviction motion.  *See* Fla. R. App. P. 9.141(b); Fla. R. Crim. P. 3.850(k).  Petitioner argues in his reply that he attempted to appeal the order by filing the October 8, 2013, petition for writ of habeas corpus in the First DCA, but the First DCA improperly construed it as a habeas corpus petition alleging ineffective assistance of appellate counsel.  (Doc. 32, p. 2 (citing Ex. P)).  Petitioner's allegation is conclusively refuted by the record. Petitioner's state habeas petition – which was filed well outside the 30-day period for appealing the circuit court's August 28, 2013, order – unambiguously identified the pleading as a petition for writ of habeas corpus filed under Fla. R. App. P. 9.141(c) alleging ineffective assistance of appellate counsel.  (Ex. P, pp. 1-4).  Thus, petitioner's argument that his present Ground One "was fairly pres[e]nted to the State's highest court pos[s]ible" (doc. 32, p. 2) is without merit.  Because any further attempt by petitioner to appeal from the circuit court's postconviction order would be futile, petitioner's Ground One is procedurally defaulted.  Petitioner makes none of the requisite showings to excuse his procedural default.  Petitioner's procedural default bars federal habeas review of Ground One.

Grounds Two through Five

Petitioner's Grounds Two through Five claim that trial counsel was ineffective in various respects.  (Doc. 4, pp. 7-14).  The parties agree that petitioner presented his ineffective assistance claims to the state courts in his second Rule 3.850 motion.  (Doc. 1, pp. 7-14; Doc. 25, p. 13).  The state circuit court dismissed the motion as "an impermissible successive motion" in violation of Fla. R. Crim. P. 3.850, explaining, in relevant part:

> The claims that the Defendant presently asserts in grounds one through five of the instant Motion all could or should have been raised in his first Motion for Postconviction Relief.  *See* Motion for Postconviction Relief.  Indeed, ground two in the instant Motion essentially rehashes the sole claim he asserted in his prior Motion, *see id.*, though the ground is otherwise now couched in terms of ineffective assistance of trial counsel.  Accordingly, the instant Motion is subject to dismissal as an abuse of procedure under Rule 3.850(f).

(Ex. O, pp. 21-22).[2]  The First DCA summarily affirmed.  (Ex. S).

Respondent asserts that petitioner's ineffective assistance claims are procedurally defaulted because the state court rejected them on the independent and adequate state procedural ground that petitioner's second Rule 3.850 motion was a

---

[2] Florida's ban on successive motions for postconviction relief was redesignated from subdivision (f) to subdivision (h).  *See* Fla. R. Crim. P. 3.850(h); *see also In re Amendments to Florida Rules of Criminal Procedure and Florida Rules of Appellate Procedure*, 132 So. 3d 734, 738-739 (Fla. 2013).

successive motion that abused Florida's postconviction procedure.  (Doc. 25, p. 13).
The United States Supreme Court has held that "[w]hen a federal claim has been
presented to a state court and the state court has denied relief, it may be presumed
that the state court adjudicated the claim on the merits in the absence of any
indication or state-law procedural principles to the contrary.  The presumption may
be overcome when there is reason to think some other explanation for the state
court's decision is more likely." *Harrington v. Richter*, 562 U.S. 86, 99-100, 131 S.
Ct. 770, 178 L. Ed. 2d 624 (2011) (*citing Ylst v. Nunnemaker*, 501 U.S. 797, 803,
111 S. Ct. 2590, 115 L. Ed. 2d 706 (1991)).  The *Richter* Court's reference to *Ylst*,
was to this portion of the opinion:

> Where there has been one reasoned state judgment rejecting a federal
> claim, later unexplained orders upholding that judgment or rejecting the
> same claim rest upon the same ground.  If an earlier opinion "fairly
> appear[s] to rest primarily upon federal law," *Coleman*, 501 U.S., at
> 740, 111 S. Ct., at 2559, we will presume that no procedural default has
> been invoked by a subsequent unexplained order that leaves the
> judgment or its consequences in place.  <u>Similarly where, as here, the
> last reasoned opinion on the claim explicitly imposes a procedural
> default, we will presume that a later decision rejecting the claim did not
> silently disregard that bar and consider the merits.</u>

*Ylst*, 501 U.S. at 803 (emphasis added).

Respondent has rebutted the *Richter* presumption by demonstrating that
Florida law and the circumstances of this case make it more likely that the First DCA

rejected petitioner's claims on the state procedural bar imposed by the circuit court. Under Florida law, "a court may dismiss a second or successive motion . . . if new and different grounds are alleged, [if] the judge finds that the failure of the defendant . . . to assert those grounds in a prior motion constituted an abuse of the procedure or there was no good cause for the failure of the defendant . . . to have asserted those grounds in a prior motion." Fla. R. Crim. P. 3.850(h)(2). The state circuit court denied relief solely on this procedural basis. Although petitioner argues that the court should have treated his second Rule 3.850 motion as his first, (doc. 32, p. 2), no statutory or decisional law supports that argument.

Based on these circumstances, it is almost certain that the First DCA rejected petitioner's ineffective assistance claims on the procedural ground that they were barred as an abuse of procedure because petitioner failed to raise them in his first Rule 3.850 motion. The procedural requirements of Florida's Rule 3.850(h) constitute independent and adequate state grounds that preclude federal habeas review. *LeCroy*, 421 F.3d at 1260 n.25 ("This Court has already concluded that the procedural requirements of Florida's Rule 3.850 constitute independent and adequate state grounds under the applicable law." (*citing Whiddon v. Dugger*, 894 F.2d 1266, 1267-68 (11th Cir. 1990))).

Petitioner's ineffective assistance claims are procedurally defaulted.  *See Jennings v. McDonough*, 490 F.3d 1230, 1247-48 (11th Cir. 2007) (holding that state court's conclusion that petitioner's claims were procedurally barred by Florida's rule against successive postconviction motions was a state law ground independent of the federal question and adequate to support the state court's judgment, thereby rendering the claims procedurally defaulted on federal habeas review).  Petitioner makes none of the requisite showings to excuse his procedural default.  Petitioner's procedural default bars habeas review of Grounds Two through Five.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  28 U.S.C. § 2254 Rule 11(a).  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  28 U.S.C. § 2254 Rule 11(b).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'"  *Miller-El v.*

*Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (*quoting* 28 U.S.C. § 2253(c)).  "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'"  *Buck v. Davis*, 580 U.S. —, 137 S. Ct. 759, 774, 197 L. Ed. 2d 1 (2017) (*quoting Miller-El*, 537 U.S. at 327). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 1604, 146 L. Ed. 2d 542 (2000) (emphasis added). The petitioner here cannot make the requisite showing. Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Rule 11(a), Rules Governing Section 2254 Cases.  If there is an objection to this recommendation by either party, that party may bring such argument to the

attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1.  That the amended petition for writ of habeas corpus (doc. 4), challenging petitioner's judgment of conviction and sentence in *State of Florida v. Jeremy P. Fuentes*, Bay County Circuit Court Case No. 10-CF-1569, be DENIED.

2.  That the clerk be directed to close the file.

3.  That a certificate of appealability be DENIED.

At Pensacola, Florida this 17th day of July, 2017.

s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.